### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **DONNEL J. SHELTON,** | § | |
| | § | |
| | § | **CIVIL ACTION NO.  6:23-CV-00360-JCB** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CHIEF DEPUTY SHERIFF CRAIG SHELTON, OFFICER ANTHONY GARZA, DIST. ATTORNEY TONDA CURRY,** | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | | |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

Plaintiff Donnel Shelton, a pretrial detainee confined at the Van Zandt County Jail proceeding pro se and *in forma pauperis*, brings this civil rights action for violations of 42 U.S.C § 1983. This action has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for findings of fact, conclusions of law, and recommendations for the disposition of the case. For the reasons stated herein, the court **RECOMMENDS** that Plaintiff's claims against Defendant Tonda Curry be dismissed pursuant to 1915A(b)(1).

### BACKGROUND

On July 24, 2023, Plaintiff filed this civil action while a pretrial detainee at Van Zandt County Jail. (Doc. No. 1.) Plaintiff has been indicted on two counts of aggravated assault against a public servant and one count of evading arrest in Van Zandt County, as well as one count of evading arrest in Tarrant County. To date, these criminal charges remain pending, and Plaintiff has not yet been convicted or pleaded guilty.

1

In his original complaint, Plaintiff alleged that on September 20, 2021, he was involved in a high-speed chase with law enforcement, during which the vehicle he was in was "spiked and knocked off the highway into the ditch." *Id.* at 4. Five to fifteen seconds after Plaintiff "raised up" in the passenger seat, three "sheriffs" started shooting at him. *Id.* Plaintiff was shot four times with his hands in the air, resulting in injuries to his left hand, right shoulder, and right ear. *Id.* He alleged that Defendants Shelton and Garza were two of the shooters. *Id.* Plaintiff also sued District Attorney Tonda Curry, about whom he stated only "I believe she withheld evidence Craig Shelton's gun is not present." *Id.* at 3. Considering these allegations, the court issued a deficiency order with respect to the allegations and ordered Plaintiff to amend. (Doc. No. 4.) Specifically, the court informed Plaintiff that he failed to "establish any connection between his claim about the shooting and his claim against the District Attorney." *Id.* at 2.

On August 11, 2023, Plaintiff filed an amended complaint. (Doc. No. 6.) Plaintiff's amended complaint largely reiterates the facts stated in his original complaint—that he was involved in a high-speed chase on September 20, 2021, which resulted in him being shot four times in violation of his rights. *Id.* at 4. Plaintiff again states that Defendant Tonda Curry withheld evidence that Craig Shelton's gun was not present. *Id.* at 3.

## LEGAL STANDARD

Under 28 U.S.C. § 1915A, a court shall review, before docketing if feasible or in any event as soon as practicable after docketing, any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity.  During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). The language of this statute—as well as its sister statute, Section

2

1915(e)(2)(B)—"tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998) (per curiam).

A complaint fails to state a claim upon which relief may be granted when it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v, FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is **not** akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

Although all well-pleaded facts are taken as true, the district court need not accept true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414, (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*.

## DISCUSSION

As discussed, Plaintiff has sued Van Zandt District Attorney Tonda Curry, alleging that she has withheld evidence regarding the presence of Craig Shelton's gun. (Doc. No. 6, at 3.) These

allegations fail to state a claim. State prosecutors are absolutely immune from a suit for damages for actions taken within the scope of their duties as prosecutors. *See Imbler v. Pachtman*, 424 U.S. 409, 420–24 (1976); *see also Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 634 n.2 (5th Cir. 2000) ("As to prosecutors, entitlement [to immunity] flows from performance of activities that are intimately associated with the judicial process, such as initiating and prosecuting a criminal case." (citing *Imbler*, 424 U.S. at 430)). A plaintiff "may overcome a defendant's prosecutorial immunity by alleging actions that fall outside 'initiating the prosecution and in carrying the case through the judicial process.'" *DeLeon v. City of Dallas*, No. 3:02-cv-1097-K, 2003 WL 22244773, at *1 (N.D. Tex. Sept. 16, 2003) (quoting *Boyd*, 31 F.3d at 285), reversed in part on other grounds, 141 F. App'x 258 (5th Cir. 2005). However, state prosecutors are absolutely immune for their actions intimately associated with the judicial process, including their actions in commencing prosecution. *See Bibb v. Montgomery Cnty. Sheriff*, Civ. A. No. H-13-3736, 2014 WL 3828232, at *8 (S.D. Tex. July 30, 2014) ("[A] prosecutor is entitled to absolute immunity for his action in commencing a prosecution and all actions during the course and scope of the prosecution, even against charges that he acted 'maliciously, wantonly, or negligently.'" (quoting *Imbler*, 424 U.S. at 430–31)). Because Plaintiff alleges no specific facts to show that Vam Zandt County prosecutor Tonda Curry acted outside of the scope of her prosecutorial duties, he has not overcome the absolute immunity that attaches to prosecutors acting within their jurisdiction. As such, his claims against Defendant Tonda Curry should be dismissed with prejudice.

## CONCLUSION

Having conducted screening pursuant to § 1915A, the court finds that Plaintiff's claims against Defendant Tonda Curry should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). As Plaintiff has already been given an opportunity to amend and has pleaded his

4

"best case," any further amendment would be futile. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 18th day of August, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE